UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    UNITED STATES OF AMERICA,

  – against –

    No. 16-CR-809 (VM)

  WALSTON OWEN et al.,
  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# MEMORANDUM IN SUPPORT OF
# WALSTON OWEN'S MOTIONS *IN LIMINE*

Xavier R. Donaldson, Esq.
Donaldson & Chilliest, LLP
1825 Park Avenue, Suite 1102
New York, New York 10035
Tel: (212) 722-4900
*Attorney for Walston Owen*

- -

# ARGUMENT

## I. Evidence of Irrelevant Uncharged Crimes Should Be Precluded

A. Background

In the indictment, the government alleges that, Mr. Owen conspired to participate in the conduct of the affairs of the Rollin 30's Crips through a pattern of racketeering activity (Count One). The government also alleges that Mr. Owen's participated in an assault and attempted murder in aid of racketeering (Count Two); using, carrying, brandishing and discharging a firearm in connection with Count Two (Count Three); and assault in aid of racketeering (Count Four). Notably, the time-period relevant to alleged counts is 2009 to 2017.

On December 30, 2019, the Government indicated that it's memorandum "does not address all of the acts of violence the Government expects to prove at trial. For instance, these and other acts were described in various enterprise letters provided to defense counsel on September 28, 2018 and supplemented on June 4, 2019 and August 15, 2019." *See, Government Motion in Limine*, 12/23/19, fn. 2.

As an initial matter, the Government is in fact correct that it provided defense various enterprise letters outlining possible prior alleged acts of violence. The problem, however, is that the Government has not indicated *exactly* which alleged acts of violence it intends to try to introduce at trial. We are therefore asking the Court to order the Government to provide, within thirty days of the beginning of trial, exactly which alleged acts of violence it is seeking to introduce so that the defense can adequately prepare for trial.

Moreover, several of the alleged acts of violence are not intrinsic evidence of the charged crimes, irrelevant for background information and inadmissible under Rule 404(b) of the Federal Rules of Evidence.

"[E]vidence of uncharged criminal activity is not considered other crimes evidence . . . if it arose out of the same transaction or series of transactions as the charged offense, if it is

inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). "In deciding whether uncharged conduct is 'inextricably intertwined' with charged conduct – and thus admissible as direct evidence – courts have considered whether 'the details of the uncharged transaction are necessary to understand the charged transaction.'" *United States v. Martoma*, slip op., No. 12-CR-973 (PGG), at *5 (S.D.N.Y. Jan. 6, 2014) (internal alteration marks omitted) (quoting *United States v. Stein*, 521 F. Supp. 2d 266, 271 (S.D.N.Y. 2007)).

"[W]here it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004). In order to be admissible under Rule 404(b), "evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002).

Although Rule 404(b)(2) identifies some permissible purposes for prior bad acts evidence, including to show intent, motive, plan and opportunity, the Second Circuit has long cautioned that "it is by no means our view that such evidence is either presumed relevant or automatically admissible. Its relevance to an issue truly in dispute must be demonstrated." *United States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978). "In determining whether to allow admission of such evidence, district courts must exercise great care to ensure that juries are not permitted to conclude that because a defendant has committed a similar crime before, he or she therefore has a criminal propensity sufficient to justify conviction in the case at hand." *United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989).

Evidence of other acts should not be admitted unless the district court has "carefully conducted" the Rule 403 balancing test. *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009); *see also United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (where there is a risk of prejudice, "Rule 403 requires the trial court to make a conscientious assessment of whether the

probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant"). Rule 403 of the Federal Rules of Evidence provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A court's evidentiary rulings under Rule 403 should be informed "not only by assessing an evidentiary item's twin tendencies [for probative value and prejudicial risk], but by placing the result of that assessment alongside similar assessments of evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184-85 (1997).

Proof of numerous uncharged criminal acts by members of a racketeering enterprise can pose a risk of prejudice to a single defendant. *See, United States v. Matera*, 489 F. 3d 115, 121 (2d Cir. 2007)

July 25, 2015 Dismissed Arrest of Mr. Owen (and another)

In this case, it was alleged that Mr. Owen possessed one of two firearms inside of an apartment. Notably, there were several people outside of the apartment building where the firearms were located. Indeed, on information and belief, Mr. Owen was not present inside the apartment when these firearms were recovered. There is no viable theory that this alleged crime facilitated the alleged enterprise in any way. *See, U.S. v. Coppola*, 671 F. 3d 220, 244-245 (2d Cir. 2012).

There is absolutely no indication that Mr. Owen actually or constructively possessed either weapon. Additionally, there is no connection to either firearm to any charged crime in the conspiracy. Essentially, the arrest of Mr. Owen in this dismissed matter bears absolutely no relationship to the RICO charge contained in the pending indictment and serves simply as an

attempt to force the jury to convict Mr. Owen based on the fact that he has a previously dismissed arrest for possession of a firearm.

July 3, 2015 Dismissed Arrest of Mr. Owen (and others)

Similar to the July 25th arrest discussed above, this case has absolutely no connection to the RICO charge in this case. In this dismissed case, Mr. Owen was allegedly in the car with several other persons. Included in the car at the time of the stop (and on the persons of the other occupants) was ten (10) bags of crack (found on the person of one of the occupants), marijuana (found on the person of another occupant) and a gravity knife (found on the person of one of the occupants). Mr. Owen was not in possession of any illegal items at the time of his arrest in this matter and his case was immediately dismissed. While it is clear that one or more of the occupants in the vehicle was a co-defendant in the pending indictment, that alone is insufficient to establish proof or background for the RICO charge in this matter.[1]

November 9, 2008 Dismissed Case of Mr. Owen (and others)

In this matter, the Government is seeking the introduction of an arrest involving the alleged possession of two (2) firearms by Mr. Owen, Kevin Palmer, Ranel Monroe and Christopher Solomon.

As an initial matter, this case pre dates the alleged dates of the conspiracy charged in the pending indictment and as such should not be allowed in as background proof of the RICO conspiracy. Additionally, there is no plausible argument that Mr. Owen's 2008 arrest of firearm

---

[1] Notably, several prior Indictments in this case alleged a narcotics conspiracy. We are also requesting that the Court order the Government to provide any and all *Brady* information that it may have that contributed to it removing the narcotics conspiracy from the current indictment and a preclusion from superseding the current indictment with any further charges.

[2] Should the Court agree with the Government and allow the admission of these prior uncharged cases, we would ask the Court to allow the defense to elicit or submit a stipulation that the cases

- -

possession has any connection to the RICO conspiracy in this matter.  For example, the firearms recovered in this case are not related to any crimes charged in this indictment. Moreover, even though the Government is alleging that Kevin Palmer and Christopher Solomon were members of the Rollin 30's, the fact that Mr. Owen was arrested with alleged members *and* non members of the Rollin 30's is not evidence of anything.  To the contrary, it shows that association or presence with people in alleged gangs does not make you a gang member or Ranel Monroe would also be considered a member or the Rollin 30's.

**II. Evidence of the Murder of Chafla and Suazo should be precluded as Proof of the Racketeering Conspiracy**

The proposed evidence by the Government would be unduly prejudicial under Rule 403. Regarding the Chafla murder, the Government has not articulated a connection between Mr. Owen and Mr. Felix and CW-2 firing a weapon and accidentally killing Mr. Chafla.  Indeed, the Government has not posited any evidence that Mr. Owen was present at the shooting, ordered the shooting or told any person to commit any acts of violence on the date that Mr. Chafla was killed. Moreover, the Government has not proffered that there was any animosity between Mr. Owen and the intended target in the Chafla murder.

Similarly, regarding the Suazo murder, it would be clearly unduly prejudicial under Rule 403 to admit this evidence.  Essentially, the government is arguing that this murder was spontaneous and unintended.  Based merely on the Government's proffered arguments, the relevant parties were present for a music video and spontaneously a violent altercation ensued causing the death of another.  This clearly was not designed to promote or forward the activities of the Rollin 30's but rather was a random, spontaneous act of violence outside of gang activities committed by alleged gang members.

III. **Permission to join Co-Defendant Torres Motion in Limine Regarding Co-Conspirator Statements, Objection to Double Hearsay contained in Co-conspirator Statements and permission to cross examine witnesses based upon the credibility of the initial provider of statements.**

We respectfully request permission to join co-defendant Torres motion related to co-conspirator statements as it applies to Mr. Owen. Additionally, we would object to any likely double hearsay contained inside of any co-conspirator statements attempted to be admitted by the Government. Finally, we would request permission to be allowed to cross examine any witnesses providing co-conspirator statements related to the credibility of the initial provider of the statement.

**Conclusion**

Regarding any and all of Mr. Owen's dismissed cases, they are in no way related to the RICO conspiracy charged in the pending indictment and do not prove the existence of charged RICO conspiracy. They were not "gang related" in any way as every instance involved persons *not* alleged to have been members of the Rollin 30's. Neither case is alleged to have enriched, promoted or enhanced the Rollin 30's in any way. Additionally, neither case serves as background for the RICO charge but rather will unfairly and unnecessarily prejudice Mr. Owen in violation of Rule 403. Additionally, admission of these "uncharged criminal acts" would only serve to distract the jury from the actual issues in this case, unnecessarily inflame it's passions and force the jury to focus on several, irrelevant and immaterial "mini trials" rather than the core issues surrounding the charges in the indictment which itself "tells a compelling, complete and detailed story without mentioning" these prior uncharged criminal acts". *United States v. Hatfield*, 685 F. Supp. 2d 320, 323 (E.D.N.Y. 2010). There can be no valid argument to admit these

- -

"alleged uncharged dismissed acts" except to unfairly prejudice Mr. Owen and attempt to secure a conviction based upon "propensity to be arrested".[2]

Finally, as indicated above, evidence of the Chafla and Suazo murders is not evidence of the RICO conspiracy and will surely be unfairly prejudicial in direct violation of Rule 403. Consequently, we ask the Court for preclusion of the Mr. Owen's above mentioned uncharged acts and evidence of the Chafla and Suazo murders.

Sincerely,

*/s/ Xavier R. Donaldson*

Xavier R. Donaldson, Esq.
*Counsel for Walston Owen*
1825 Park Avenue, Suite 1102
New York, NY 10035
Tel: (212) 722-4900

TO: GEOFFREY S. BERMAN, ESQ.
    United States Attorney
    Southern District of New York

Attn: Jessica Fender/Jacqueline Kelly/Andrew Chan
Assistant United States Attorneys

---

[2] Should the Court agree with the Government and allow the admission of these prior uncharged cases, we would ask the Court to allow the defense to elicit or submit a stipulation that the cases were ultimately dismissed or in the alternative an instruction from the Court that these cases were dismissed. Otherwise, the Government will be allowed to use several ***dismissed*** cases (propensity) in its case in chief as proof thereby misleading the jury as to the weight, if any, dismissed cases should receive.

- -