**MASSENA LAW P.C.**
305 Broadway, Suite 1001
New York, New York 10007
(P) 212-766-1700 ♦ (F) 212-766-1701
Email: AVM@Massenalaw.com

• Admitted in Federal and
  New York State Courts

January 10, 2020

**VIA ECF AND ELECTRONIC MAIL**

Hon. Victor Marrero
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Walston Owen</u>, S8 16 Cr. 809 (VM)
      Response to government's 404(b) notice dated January 3, 2020

Dear Judge Marrero:

I.   <u>Preliminary Statement</u>

On January 3, 2020, the prosecution served notice pursuant to Rule 404(b) of the Federal Rules of Evidence seeking to introduce at trail, certain evidence of Mr. Owen's uncharged crimes, wrongs, or acts, related to:

   (1) Mr. Owen's arrest on November 9, 2008, with alleged Rollin' 30s members Kevin Palmer, Christopher Solomon and Ranel Monroe in the Bronx where two loaded firearms were recovered and;
   (2) Mr. Owen's arrest on July 24, 2015, with alleged Rollin' 30s member Daquan Smith where two loaded firearms were also recovered. See Exhibit A (Government's 404(b) Notice date January 3, 2020)

The evidence proffered by the prosecution should be excluded because it is offered for an improper purpose, not relevant to proving any material issue in dispute and because any probative value it might have is outweighed by the likelihood that it will confuse and mislead the jury.

II.   <u>Relevant Facts</u>

In the indictment, the government alleges that, Mr. Owen conspired to participate in the conduct of the affairs of the Rollin' 30s Crips through a pattern of racketeering activity (Count One). The government also alleges that Mr. Owen's participated in an assault and attempted murder in aid of racketeering (Count Two); using, carrying, brandishing and discharging a firearm in connection with Count Two (Count Three); and assault in aid of racketeering (Count Four). Notably, the time-period relevant to counts one through four is 2009 to 2017.

III.  <u>Legal Standard</u>

Evidence of prior bad acts may be admissible under Fed. R. Evid. 404(b) to show "motive, intent, knowledge, identity, or absence of mistake or accident," but not to show character or propensity. <u>United States v. McCallum</u>, 585 F.3d 471, 475 (2d Cir. 2009). This Circuit follows the "inclusionary" approach to "other crimes, wrongs, or acts" evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, See <u>United States v. Harris</u>, 733 F.2d 994, 1006 (2d Cir. 1984), or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402. <u>See United States v. Sappe</u>, 898 F.2d 878, 880 (2d Cir. 1990). Thus, under Rule 404(b), the Court must determine: (1) whether the evidence is offered for a proper purpose; (2) whether the evidence is relevant to a material issue in dispute; (3) whether its probative value is substantially outweighed by its prejudicial effect; and, (4) upon request, the Court must instruct the jury that prior acts evidence only be considered for the proper purpose for which it was admitted. <u>See Huddleston, v. United States</u>, 485 U.S. 681, 691-92 (1988); <u>United States v. Colon</u>, 880 F.2d 650, 656 (2d Cir. 1989).

First, in order to convict Mr. Owen of a racketeering conspiracy, the government must show that: (1) the charged racketeering enterprise existed, (2) that the members and associates of the Rollin' 30s agreed to engage in a pattern of racketeering activity and (3) that Mr. Owen knowingly agreed that a co-conspirator would commit two or more predicate acts in furtherance of the Enterprise.  18 U.S.C. § 1961(5). Second, in order to convict Mr. Owen of count two, the government must prove he assaulted and attempted to murder an individual in furtherance of the racketeering Enterprise. Third, to prove count three of the indictment the prosecution must prove he carried, used, brandished

and discharged a firearm in relation to Count two of this indictment.  Lastly, to prove count four of the indictment the prosecution must prove that Mr. Owen assaulted an individual in furtherance of the racketeering Enterprise.

IV.  <u>Discussion</u>

**<u>The prosecution's proffered evidence should be excluded because it is offered for an improper purpose</u>**

   Evidence of Mr. Owen's alleged possession of weapons on November 9, 2008 and July 24, 2015, and his alleged affiliation with Rollin' 30s members Kevin Palmer, Christopher Solomon, Ranel Monroe and Daquan Smith, should be precluded because it cannot be offered for a proper purpose.  It is clear that the government seeks to introduce this evidence as propensity evidence.  This Court should follow the "common sense precaution which should clearly be taken … to limit the prosecutor's presentation to such facts … as are reasonably necessary to prove the point for which the evidence is admitted, and to exclude unsavory details which go beyond what is necessary to make the point."  <u>United States v. Williams</u>, 585 F.3d 703, 708 (2d Cir. 2009) (<u>quoting</u> David W. Louisell & Christopher B. Mueller, <u>Federal Evidence</u>, § 140, at 209 (rev. ed. 1985)) (internal quotation marks omitted). The proffered evidence is not relevant to any disputed issue of material fact and should be precluded.  The Second Circuit has stated that, "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."  <u>Huddleston</u>, 485 U.S. 681, 686.

<u>Mr. Owen's Alleged Possession of Weapons on November 9, 2008 and July 24, 2015</u>

   The prosecution directly charges Mr. Owen with the possession and use of a weapon in connection with counts two and three of the indictment.  The government now seeks to inflame the trier of fact with evidence of **dismissed** charges of gun possession with the sole purpose of demonstrating propensity.  The dismissed November 9, 2008 and July 24, 2015 gun possession charges should be precluded because they are not necessary to prove the elements associated with counts one through four of the indictment

   The prosecution seeks to introduce evidence of Mr. Owen's November 9, 2008 arrest as direct evidence of the relationship between the defendants and members of the Enterprise or alternatively as 404(b) evidence.  In this matter, the Government

is seeking the introduction of an arrest involving the alleged possession of two (2) firearms by Mr. Owen, Kevin Palmer, Ranel Monroe and Christopher Solomon.

As an initial matter, the November 9, 2008 arrest pre-dates the alleged dates of the conspiracy charged in the pending indictment and as such should not be allowed in as background proof of the RICO conspiracy. Additionally, there is no plausible argument that Mr. Owen's 2008 arrest for firearm possession has any connection to the RICO conspiracy in this matter. For example, the firearms recovered in this case are not related to any crimes charged in this indictment. Moreover, even though the Government is alleging that Kevin Palmer and Christopher Solomon were members of the Rollin' 30s, the fact that Mr. Owen was arrested with alleged members and non-members of the Rollin' 30s is not evidence of anything. To the contrary, it shows that association or presence with people in alleged gangs does not make you a gang member or Ranel Monroe would also be considered a member of the Rollin 30's. The government seeks to prove guilt by association, with a nationally notorious street gang. This is not permitted. See United States v. Nelson, 103 F. Supp. 2d 512, 513-14 (N.D.N.Y. 1999), quoting United States v. Irvin, 87 F.3d 860, 864-66 (7th Cir.1996) (trial court abused its discretion in not excluding, under *514 Fed.R.Evid. 403, evidence of gang membership when its probative value was minimal, and when "highly charged gang-affiliation evidence served as a substitute for ... direct evidence, increasing the chance of guilt purely by association").

In the July 24, 2015 arrest of Mr. Owen, it was alleged that he possessed one of two firearms inside of an apartment. Notably, there were several people outside of the apartment building where the firearms were located. Indeed, on information and belief, Mr. Owen was not present inside the apartment when these firearms were recovered. There is no viable theory that this alleged crime facilitated the alleged enterprise in any way. *See, U.S. v. Coppola*, 671 F. 3d 220, 244-245 (2d Cir. 2012).

There is absolutely no indication that Mr. Owen actually or constructively possessed either weapon. Additionally, there is no connection to either firearm to any charged crime in the conspiracy. Essentially, the arrest of Mr. Owen in this dismissed matter bears absolutely no relationship to the RICO charge contained in the pending indictment and serves simply as an attempt to force the jury to convict Mr. Owen based on the fact that he has a previously dismissed arrest for possession of a firearm.

### **The evidence should be excluded because its prejudicial impact far outweighs any probative use**

For evidence of prior bad acts to be admitted as evidence the Court must engage in a balancing analysis pursuant to Fed. R. Evid. 403. Huddleston, 485 U.S. at 681. The evidence of the prior bad acts should not be admitted unless the Court has carefully conducted this Rule 403 balancing inquiry. See United States v. Williams, 596 F.2d 44, 51 (2d Cir. 1979) (District judges must carefully scrutinize both the basis for the claimed relevance of prior bad acts evidence and the balance between its probative value and prejudicial effect. The key to a fair trial in such cases is careful determination by the trial judge of both issues, particularly the latter). "The availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of a given item of extrinsic evidence…[i]f the incremental value is slight, and the possibility of prejudice through misuse by the jury great, the court should exclude the evidence under Rule 403." McCallum, 584 F.3d at 477 (quoting 2 Weinstein, Federal Evidence, § 404.21). Here, the proffered evidence must be excluded because its probative use is far outweighed by its prejudicial impact.

The government seeks introduction of evidence for a number of other weapons within a widened time frame. This would be misleading and confusing to the jury, in that the government is pursuing prosecution of Mr. Owen's use of a specific gun in this matter. Discussion regarding years of prior events, regarding other weapons will take the trial off course. Additionally, it would serve to bias this jury against Mr. Owen, based on the idea that if he possessed weapons on these added occasions, then he certainly did on the occasion alleged in counts two and three of the indictment.

Although the government has charged Mr. Owen with possession of a firearm in connection with counts two and three, and intends to offer evidence of his alleged possession of a firearm "generally" in connection with that count, it is clear that the introduction of these dismissed charges into this case serves only to mislead, confuse and inflame the passions of the jury so that they might be more likely to convict on counts one through four of the indictment. The government's theory with respect to counts two and three of the indictment is that on May 14, 2015, Mr. Owen and other Rollin' 30s members knowingly assaulted two individuals with the use of a firearm. One or more cooperating witnesses will come in to testify to this matter. Therefore, introduction of

additional firearms related to dismissed charges levied against Mr. Owen is extraneous and irrelevant to proving the elements of counts one thru four and its prejudicial impact far outweighs any conceivable probative use.

V.  Conclusion

   The government should be precluded from introducing the proffered evidence at trial. In the alternative, this Court should grant a preliminary hearing on the details of the evidence the government seeks to introduce. See United States v. Mickens, 926 F.2d 1323, 1329 (2d Cir. 1991) (preliminary hearing on the details of a witness' proposed testimony would have been helpful). Lastly if the Government is allowed to introduce the proffered 404(b) evidence, the defense should also be permitted to introduce evidence regarding the eventual dismissal of the charged offenses.[1]

                                    /S/ Alain V. Massena
                                    Alain V. Massena, Esq.
                                    Xavier R. Donaldson, Esq.
                                    Attorneys for Walston Owen

---

[1] In their 404(b) notice the government also proffered that if "any defendant opens the door to such testimony" it may seek to introduce at trail evidence of "other acts" which allegedly demonstrate association or joint activities with members of the Enterprise, as well as evidence of intent, plan, association, knowledge, identity, modus operandi, and lack of mistake or accident. See Exhibit A. The defense objects to the prosecution's request and will renew its application if necessary, at the appropriate time during the course of the trail.