

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2020

**BY ECF AND HAND**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>**United States** v. **Torres, et al.**</u>, S8 16 Cr. 809 (VM)

Dear Judge Marrero:

      The Government respectfully submits this letter to address a video exhibit the Government understands defense counsel will seek to inquire about and introduce through cooperating witness Shaquille Bailey. Specifically, defense counsel has advised that it intends to question Bailey regarding a fight or altercation that took place at a social club on or about April 16, 2016, in the vicinity of 518 Bryant Avenue, which was captured on surveillance video. The Government understands that defense intends to argue that this altercation was related to the drive-by shooting of Phillip Wiggins later that morning.

      There is no basis whatsoever to inquire as to this incident or seek to introduce this video through Bailey. First, this evidence is irrelevant. *See* Fed. R. Evid. 401 ("Evidence is relevant if…the fact is of consequence in determining the action."). In particular, during the course of this trial, there has been *no evidence* offered relating to the altercation at the nightclub and so the Government at this time objects to the introduction of the exhibit – and indeed even the showing of the video to the witness – on relevance grounds. The defense has not proffered any factual basis, nor is the Government aware of any, to believe that the events depicted on the video exhibit have any connection with the conduct charged in this case. Rather, the New York Police Department gathered this security video footage during the course of its investigation into the shooting of Phillip Wiggins later that morning in a separate location.

      Second, even assuming *arguendo* the relevance of this exhibit, the defense has proffered no good-faith basis to believe that Bailey was at the nightclub that evening, nor to believe that Bailey has any knowledge of the events that transpired that night. This is plain black letter law. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States* v. *Garcia*, 291 F.3d 127, 140 (2d Cir. 2002). Bailey's knowledge of the shooting is extremely limited and, indeed, he has never even viewed the defense's proposed video exhibit. Bailey has expressed

to the Government that he had a conversation with Wiggins, who told Bailey that Wiggins did not know who shot him, but that Wiggins did not think it was Torres. While defense is entitled to elicit this testimony, that does not provide them a good faith basis to inquire about events that took place earlier that evening, at an entirely different location.

Instead, the defense has represented that it is relying on the mere fact that Bailey may recognize some of the individuals who appear in the security video. This argument proffered by the defense is similarly untethered to the issue of relevance. Without some independent basis of relevance, inquiry of Bailey on this topic is inappropriate and the exhibit cannot be introduced through him.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by:     /s/
        Jessica Fender
        Anden Chow
        Jacqueline Kelly
        Assistant United States Attorneys
        (212) 637-2276 / 2348 / 2456

cc: Counsel of record (by ECF)